# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY COOPER,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0343** (BOR Appeal No. 2047817)
              (Claim No. 900041265)

**LOWES HOME CENTERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy Cooper, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowes Home Centers, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 4, 2013, in which the Board affirmed a September 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 2, 2012, decision which denied authorization for office visits with Robert Lowe, M.D., on August 9, 2011, and December 13, 2011, as well as the medications Ultram and Motrin. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cooper, a delivery supervisor, was injured in the course of his employment on January 19, 1990, while unloading a truck. His claim was held compensable and he underwent surgery in 1992 in order to treat left side radicular symptoms. Mr. Cooper began to develop pain in his waistline and right side radiculopathy more than nine years after his compensable injury. He requested authorization for office visits with Dr. Lowe on August 9, 2011, and December 13,

1

2011, as well as the medications Ultram and Motrin. The claims administrator denied the request on February 2, 2012.

The Office of Judges affirmed the claims administrator's decision in its September 21, 2012, Order. It found that Marsha Bailey, M.D., opined in her September 13, 2010, record review that Mr. Cooper had reached maximum medical improvement for the compensable injury many years prior. Furthermore, at the time of the original injury, Mr. Cooper was treated for left radicular symptoms with a lumbar laminectomy and discectomy to the left of the L5-S1 disc. His current symptoms are originating from the waistline and radiating into the lower right leg. Dr. Bailey opined that the symptoms are likely the result of spinal and neural stenosis which are part of the normal aging process. She further stated that no further medical treatment, including office visits and medication, were necessary in this case. The Office of Judges determined that Mr. Cooper submitted no evidence to contradict Dr. Bailey's findings and has failed to show a causal connection between the requested treatment and the compensable 1990 injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its March 4, 2013, decision. We agree with the reasoning and conclusions of the Board of Review. This Court has previously held in *Cooper v. Lowes Home Centers, Inc.,* No. 12-0585 (Dec. 17, 2013) (memorandum decision) that Mr. Cooper is not entitled to the medications Motrin and Ultram. The evidentiary record in this case fails to show that office visits with Dr. Lowe are reasonable and necessary for the treatment of his now more than twenty-year-old injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II